*700 SUMMARY ORDER
Plaintiff-Appellant Joseph Radcliffe appeals from the district court’s decision to grant the government’s motion for summary judgment dismissing his lawsuit pursuant to the Freedom of Information Act (“FOIA”), 5 U.S.C. § 552. See Radcliffe v. I.R.S., 536 F.Supp.2d 423 (S.D.N.Y.2008). We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We have no doubt that the documents retrieved pursuant to the government’s search were exempt from production as “records or information compiled for law enforcement purposes” the production of which “could reasonably be expected to interfere with enforcement proceedings,” 5 U.S.C. § 552(b)(7)(A); see also 26 U.S.C. § 6103(e)(7). Radcliffe has essentially conceded as much, asserting that this FOIA suit stems from the Internal Revenue Service’s ongoing investigation of whether and to what extent Radcliffe has used undeclared offshore credit card accounts to shelter his income and avoid his federal tax obligations. By letter dated July 25, 2007, Radcliffe, through counsel, stated that his “FOIA suit became necessary due to the IRS’ failure to provide [information relating to the tax audit] willingly.” Letter from Frank Agostino to Gary A. Nichols, Internal Revenue Service (July 25, 2007).
We have some concern about the thoroughness of the government’s search and its description thereof in the declarations dated June 7, 2007, and August 8, 2007, of Deborah Lambert-Dean, an attorney in the Internal Revenue Service’s Office of Chief Counsel, Procedure and Administration, that described the search for responsive documents. The declarations fail to describe the search in detail or fully explain the reasons that such a search could be said to have been reasonably calculated to uncover all relevant documents within the scope of the FOIA request. In concluding that the search was adequate, however, the disti'ict court found that the declarations explained
why the documents plaintiff requested would be found in Buffalo. An agent at the Buffalo office was conducting an investigation of plaintiff and had compiled the documents that plaintiff now seeks. A Disclosure Specialist accessed the IRS information system, E-DIMS, in response to plaintiffs request. The documents were reviewed by Senior Disclosure Specialist King with Agent Bhagwandeen, who was conducting the investigation, and Lambert-Dean. They all concluded the documents were responsive to plaintiffs request.
Radcliffe, 536 F.Supp.2d at 434. On this basis, the district court concluded that the declarations submitted in the case were “sufficient to show that by searching databases and contacting several offices, the IRS made a good faith effort to search for the requested documents, using search methods that were ‘reasonably calculated to uncover all relevant documents’ under the circumstances.” Id. For these reasons, we too conclude that the search and the declarations were adequate, if barely so.
For the foregoing reasons the judgment of the disti'ict court is hereby AFFIRMED.